IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RUSSELL W. CALLAHAN, <br> No. S12497, <br><br>         **Plaintiff,** <br><br> vs. <br><br> WARDEN STEPHEN DUNCAN, <br> RANDY STEVENSON, <br> COUNSELOR WILLIAMS, and <br> RECORD OFFICE, <br><br>         **Defendants.** | ) <br> ) <br> ) <br> ) <br> ) <br> )   Case No. 14-cv-01039-MJR <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## MEMORANDUM AND ORDER

**REAGAN, Chief Judge:**

This case is now before the Court for a preliminary review in accordance with 28 U.S.C. § 1915(e)(2). Plaintiff Russell W. Callahan, an inmate in Lawrence Correctional Center, has filed a draft "Order to Show Cause for an [sic] Preliminary Injunction" (Doc. 1). He contends that prison officials have failed to give him 54 days of credit for time served, as the state's judgment and commitment order indicate (*see* Doc. 1, p. 3).

No complaint or other pleading initiating an action has been filed, only a draft order. *See* FED.R.CIV.P. 3 ("A civil action is commenced by filing a complaint with the court."). Callahan has not even submitted a signed motion. In any event, habeas corpus is the exclusive federal remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release. *See Preiser v. Rodriguez*, 411 U.S. 475, 487-488 (1973). In the alternative, an action in Illinois circuit court is another possible avenue for challenging the Department of Correction's failure to award credits. *See generally McAtee v. Cowan,* 250 F.3d

506, 508 (7th Cir. 2001). Callahan will have to determine the route he wants to pursue. At this juncture the action is subject to dismissal under Sections 1915(e)(2)(B)(i) and (ii). Plaintiff will be given a brief window of time to file a proper pleading.

**IT IS THEREFORE ORDERED** that, for the reasons stated, the Clerk of Court shall **STRIKE** Callahan's "Order to Show Cause for an [sic] Preliminary Injunction" (Doc. 1) from the record.

**IT IS FURTHER ORDERED** that on or before **November 14, 2014**, Callahan shall file a pleading properly initiating a civil action. Failure to file a pleading will result in the dismissal of this action pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: October 27, 2014**

s/ *Michael J. Reagan*
**MICHAEL J. REAGAN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**